IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 11-cv-01525-MSK

NANCY SAVAGE,

    Plaintiff,

v.

CRUSADER INSURANCE COMPANY,

    Defendant.

---

## ORDER REMANDING ACTION

**THIS MATTER** comes before the Court *sua sponte*.

This action was initiated in Colorado state court to recover insurance benefits after the Plaintiff obtained a judgment in her favor in the amount of $1,500,000 for injuries she suffered when she fell from a second-story deck. The Plaintiff is the assignee of all claims of the judgment debtor under insurance policies with the Defendant in this action. The Plaintiff asserts three claims in this action: (i) breach of contract for failing to defend and indemnify the insured in the underlying action; (ii) breach of duty of good faith and fair dealing; and (iii) bad faith breach of insurance contract. Crusade filed a Notice of Removal **(#1)** on June 10, 2011, asserting federal diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

Crusade bears the burden of proving federal subject matter jurisdiction. *See Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289–90 (10th Cir. 2001). Removal statutes are strictly

construed and all doubts are resolved against removal.  *See Fajen v. Foundation Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982).

Diversity jurisdiction exists only when the case involves a dispute "between . . . citizens of different states" and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a)(1).  The removing party must point to specific facts supporting this assertion, either in the initial pleading or on the Notice of Removal.  *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995); *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949–50 (2009) (conclusory assertions insufficient to plead specific facts).

Although the Notice of Removal **(#1)** and underlying state court Complaint demonstrate diversity between the parties, they are not sufficient to establish the requisite amount in controversy.  The only fact offered is found n the Notice of Removal - the amount of the underlying state court judgment - 1,500,000.[1]  However, because this action is not premised upon the judgment, but instead on obligations owed pursuant to an insurance contract, the amount of the judgment is not necessarily the measure of the amount in controversy.  No facts pertaining the amount of coverage provided by the insurance policy, any demand for payment from the

---

[1] The Complaint **(#1)** seeks damages "to be determined at trial".  Damages on a breach of contract for failure to defend are limited to the damages suffered as a result of such failure, *i.e.*, the cost incurred by the insured for having to defend himself.  *See Wheeler v. Reese*, 835 P.2d 572m 577 (Colo. Ct. App. 1992).  A traditional claim for breach of the duty of good faith and fair dealing is limited to contract damages.  *See Combs v. Shelter Mut. Ins. Co.*, 551 F.3d 991, 999 (10th Cir. 2008); *Goodson v. Am. Std. Ins. Co.*, 89 P.3d 409, 414 (Colo. 2004).  Finally, a bad faith breach of insurance contract claim is an independent tort action in which the defendant may be liable for traditional tort damages.  *See Royal Maccabees Life Ins. Co. v. Choren*, 393 F.3d 1175, 1183 (10th Cir. 2005) (noting that under Colorado law, an insured can recover damages for bad faith breach of insurance contract based on "traditional tort principles").

Defendant nor the amount to which the Plaintiff claims can be recovered have been shown.

Resolving all doubts in favor of remand, the Court finds that it lacks subject-matter jurisdiction over this action. Pursuant to 28 U.S.C. § 1447(c), the action is remanded to the Colorado, Archuleta County District Court. The Clerk of the Court shall transmit the entire case file to the Court Clerk, Archuleta County, Colorado and shall close this case.

Dated this 22nd day of June, 2011

                                    **BY THE COURT:**

                                    Marcia S. Krieger
                                    United States District Judge